IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| DUSTE WHITE, | ) | CV 10-11-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| MONTE J. BOETTGER, FERGUS | ) | |
| COUNTY, FERGUS COUNTY | ) | |
| ATTORNEY'S OFFICE, MONTANA | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| STATE OF MONTANA, and DOES 1-25, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.  Introduction

Plaintiff and former inmate Duste White claims he was damaged by

Defendants because he was incarcerated in the Montana Department of Corrections ("DOC") beyond the term of his commitment due to an incorrectly calculated discharge date.  Before the Court is Defendant State of Montana's (the "State's") 12(b)(6) motion to dismiss Plaintiff's First Amended Complaint.  For the reasons that follow, the motion is granted.

## II.  Factual Background

On March 13, 2002, White pled guilty to one count of intimidation in Montana Fifth Judicial District Court, Jefferson County.  He was sentenced to a five-year commitment with the DOC.  (Dkt #36-1).  The court suggested White be placed in the Treasure State Boot Camp Program.

On April 15, 2002, White appeared for sentencing on one count of felony burglary and one count of misdemeanor theft in Montana Tenth Judicial District Court, Fergus County.  White was sentenced to serve five years with the DOC, with all but nine months suspended.  (Dkt #36-2).  The judgment does not say whether this sentence is to run concurrent with or consecutive to White's Jefferson County sentence.

After White completed boot camp, he petitioned the Jefferson County court for a reduction of sentence.  On March 26, 2003, the Jefferson County court reduced White's five-year DOC commitment to a suspended sentence.  (Dkt #36-

3).  The order made no mention of the Fergus County sentence.  <u>Id</u>.  White then began serving his term of commitment in the DOC under the Fergus County sentence.  (<u>See</u> dkt #36 at 8).

On December 21, 2004, White pled guilty to one count of criminal possession of dangerous drugs in Montana Eighth Judicial District Court, Cascade County.  White was sentenced to serve a three-year commitment with the DOC.  The Cascade County court judgment states:

> Said sentence shall run concurrent with any other sentences Defendant is now serving.

(Dkt # 36-4 at 2).

On September 7, 2004, the State petitioned to revoke White's suspended sentence in Fergus County after learning he violated its conditions.  (Dkt #41-1).  After holding a re-sentencing hearing, the court entered a re-sentencing order and judgment in February, 2005, which states:

> The defendant's suspended [sentence] is hereby revoked.  Therefore, as to Count I, the defendant shall be committed to the department of Corrections for a period of five years.

(Dkt #36-5 at 1).

The re-sentencing order and judgment did not state whether the sentence should run concurrent with or consecutive to any other sentence.  White was granted 878 days of credit for time served and street time credit.  (Dkt #36-5 at 4-

-3-

5).

On December 24, 2008, White was released from DOC custody.  On February 9, 2010, he filed his initial complaint in this Court alleging he was illegally incarcerated beyond the term of commitment imposed by the Fergus County court because unnamed DOC employees failed to take action to correct an error in the judgment.  On May 21, 2010, the State filed a motion for summary judgment. On June 18, 2010, Fergus County Defendants also filed a motion for summary judgment.

On July 21, 2010, White filed his first amended complaint.  White alleges in the amended complaint that he was subject to illegal incarceration because unnamed DOC employees failed to understand the combined legal effect of the judgment issued by the Fergus County court and the prior judgment issued by the Cascade County court.  He argues that the Cascade County court ordered his sentence to run concurrently with his Jefferson County and Fergus County suspended sentences.  Pl.'s Am. Compl. ¶19.  He contends this also applies to his re-sentence in Fergus County following revocation.  Id. at ¶¶21-22.  Therefore, he alleges his discharge date was miscalculated and he was detained beyond the term he was sentenced because the State failed to account for the merged nature of the Cascade County and Fergus County sentences.  Id. at ¶24.  White's claim relies on

his Fergus County sentence running concurrent with both his Cascade County and Jefferson County sentences.  He does not dispute that he could not have served excessive time if his Fergus County sentence did not merge.

### III.  Standard of Review

A complaint may be dismissed under Fed. R. Civ. P. 12(b)(6) if it fails to state a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal claim.  SmileCare Dental Group v. Delta Dental Plan of California, Inc., 88 F.3d 780, 783 (9th Cir. 1996).  To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the plaintiff must allege enough facts to state a claim for relief that is plausible on its face.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  It is the plaintiff's obligation to provide more than labels, conclusions and a formulaic recitation of the elements of a cause of action to provide the grounds for which relief should be granted.  Id. at 555. All well-pled allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party.  Wyler Summit Partnership v. Turner Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir. 1998).  The court may consider not only allegations in the pleadings, but also all matters properly subject to judicial notice.  Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement in Cloverly Subterranean,

Geological Formation, 524 F.3d 1090, 1096 (9th Cir. 2008).  This includes

judgments and orders made by a state court.  See Morales-Alvarado v.

Immigration and Naturalization Serv., 655 F.2d 172, 174 (9th Cir. 1981).

## IV.  Analysis

**1.    White's suspended sentence in Fergus County ran consecutive to his
suspended sentence in Jefferson County.**

At the time White was sentenced to a nine month commitment in Fergus

County followed by 4 years, 3 months suspended time, he was already serving a

five year commitment in Jefferson County.  The Fergus County court's sentencing

authority at that time was governed by Mont. Code. Ann. § 46-18-401(1)(a)

(1999)[1], which provides:

(1) Unless a judge otherwise orders,

(a) whenever a person serving a term of commitment imposed by a court in
this state is committed for another offense, the shorter term or shorter
remaining term may not be merged in the other term.

The Fergus County court did not "otherwise order" its sentence to merge

with the prior term of commitment imposed by the Jefferson County court.

Therefore, the Fergus County sentence ran consecutively to the Jefferson County

sentence.   Mont. Code. Ann. § 46-18-401(1)(a) (1999).

_____

[1]BecauseWhite's Fergus County offense date was September 9, 2001, the operative
sentencing statute is the 1999 version.  See State v. Brister, 2002 MT 13, ¶ 26.

The State argues the Jefferson County order reducing the remainder of White's sentence to a suspended sentence after completing boot camp did not effect its consecutive relationship with the Fergus County sentence.  He could only have been serving one of the sentences at any given time.  (Dkt #36 at 8).  The State contends the effect of the sentence reduction was to stop the clock on the incarceration portion of the Jefferson County sentence and start the clock on the incarceration portion of the Fergus County sentence.  Once White completed the incarceration portion of the Fergus County sentence, he then resumed serving only the suspended portion of his Jefferson County sentence.  Therefore, the State argues, Plaintiff would not have started serving the suspended portion of the Fergus County sentence until he completed the suspended portion of the Jefferson County sentence on May 30, 2007.  Id.  White responds that the State fails to cite any legal authority supporting that he was not serving his Fergus County sentence at the time of the Cascade County judgment.  The State has the better argument.

It is clear that White's Fergus County judgment ran consecutive to his Jefferson County sentence.  The Jefferson County court, subsequent to the Fergus County judgment, reduced White's March 13, 2002 judgment, but it did not issue a new judgment that would alter the consecutive relationship between the two judgments.  Upon completing his term of commitment on the Jefferson County

-7-

sentence, White then began serving his term of commitment under the Fergus

County sentence.  The parties offer no reason for the Court to conclude that

starting his term of commitment on the consecutive sentence altered the

consecutive relationship of the Fergus County suspended sentence to the Jefferson

County suspended sentence.  The relevant Montana Code did not provide that

suspended sentences merge, or that only terms of commitment run consecutive.

To find that White's remaining Fergus County suspended sentence did not run

consecutive to his Jefferson County sentence would contradict the applicable

provisions of the Montana Code and the implicit intent of the Fergus County

judge.

**2.     The Cascade County court's Judgment did not merge with White's suspended sentence in Fergus County.**

On December 21, 2004, White was sentenced to serve a three-year

commitment with the DOC.  The Cascade County court's sentencing authority at

that time was governed by Mont. Code Ann. § 46-18-401(1)(b) (2003), which

provides:

> 1) Unless a judge otherwise orders,
>
> (b) whenever a person under suspended sentence or on probation for an offense committed in this state is sentenced for another offense, the period still to be served on suspended sentence or probation may not be merged in any new sentence of commitment or probation.

White argues that the Cascade County judgment states it was to merge with all prior imposed sentences.  (Dkt #41 at 17).  He also implies that as a result, the subsequent re-sentence in Fergus County following revocation was to run concurrent with the Cascade County sentence.[2]  Id. at 18.

The Cascade County judgment stated "said sentence shall run concurrent with any other sentences defendant is now serving." (Dkt 36-4 at 2).  As discussed, White was only serving the Jefferson County suspended sentence at the time of the Cascade County judgment.  Therefore, the Cascade County sentence could only run concurrent with the Jefferson County sentence.

**3.    White did not have to be serving his suspended sentence in Fergus County to have it revoked.**

White further argues that because (1) he was subject to the conditions of the Fergus County suspended sentence, (2) the State petitioned for the Court to revoke the sentence, and (3) the Fergus County court did so, he was necessarily serving the sentence at the time of the Cascade County judgment.  See Mont. Code Ann. § 46-18-203(1), (2) (1999).  He thus argues the Fergus County and Jefferson County sentences ran concurrent to each other.

However, the Montana Supreme Court has held that a petition to revoke a

---

[2]For the purpose of this motion only, the State does not contest White's assertion that the Cascade County court had the power to run its sentence concurrent with the later sentence following revocation in Fergus County. (Dkt #36 at 3).

suspended sentence may be filed, and a suspended sentence may be revoked, before the offender begins to serve that suspended sentence.  See State v. Ledeau, 2009 MT 276, ¶ 21.  Likewise, an offender can be under the conditions of a suspended sentence before he actually begins to serve the sentence and a court may revoke the sentence at any time before its expiration.  See State v. Sullivan, 197 Mont. 395, 401 (1982).  Accordingly, the fact that White's Fergus County sentence was revoked does not necessarily mean he was serving the suspended sentence at that time.

**4.     White did not have to be serving his suspended sentence in Fergus County to receive credit for time served**.

White also argues that because the Fergus County court gave him credit for time served during the period which the State argues he was not serving his Fergus County suspended sentence, he necessarily was serving that sentence at the time of revocation pursuant to Mont. Code Ann. § 46-18-203(7)(b) (1999), which states:

> If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time and either expressly allow all or part of the time as a credit against the sentence or reject all or part of the time as a credit.

White contends this means that the Fergus County and Jefferson County sentences ran concurrently.  White's interpretation of the statute is broader than its plain language. The statute does not require the judge to consider whether the elapsed time was served on any type of sentence.  It only requires the judge to

consider elapsed time since the original sentence.  Therefore, the Fergus County court's grant of credit for time served to White does not mean he was necessarily serving his Fergus County suspended sentence.

**5.     Judicial and Collateral estoppel do not apply in this case.**

Lastly, White argues the State is prohibited under the theories of judicial estoppel and collateral estoppel from arguing that he was not serving his Fergus County suspended sentence at the time of the Cascade County sentencing and from arguing the Fergus County sentence ran consecutive to the Jefferson County sentence because the State successfully argued he was serving the Fergus County sentence at the time of the Fergus County revocation proceeding.

**A.     Judicial Estoppel**

Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position.  Rissetto v. Plumbers & Steamers Local 343, 94 F.3d 597, 600-01 (9th Cir. 1996).  Factors that a court may consider in determining whether to apply judicial estoppel include: whether a party's later position is clearly inconsistent with its original position; whether the party has successfully persuaded the court of the earlier position; and whether allowing the inconsistent position would allow the party to derive an unfair advantage or

impose an unfair detriment on the opposing party.  New Hampshire v. Maine, 532

U.S. 742, 750-751 (2001).

As discussed above, the State was not required to prove White was actually

serving his suspended sentence in Fergus County when it filed its petition to

revoke.  Likewise, the fact that the State gave White credit for time served does

not necessarily mean he was serving his suspended sentence.  White has put forth

no other evidence that the State took the position that he was serving his

suspended sentence.  Therefore, White's judicial estoppel argument fails.

### B.     Collateral Estoppel

Collateral estoppel bars the reopening of an issue in a second cause of

action that has been "actively determined in and essential to a prior valid

judgment."  Baltrusch v. Baltrusch, 2006 MT 51, ¶ 25.  The doctrine employs a

three-part test: (1) the identical issue raised has been previously decided in a prior

adjudication; (2) a final judgment on the merits was issued in the prior

adjudication; and (3) the party against whom the plea is now asserted was a party,

or in privity with a party, in the prior adjudication.  Troutt v. Colorado West Insur.

Co., 246 F.3d 1150, 1157 (9th Cir. 2001).[3]  To apply collateral estoppel, "the exact

same issue must have been litigated in the prior action."  Id.

---

[3] See Troutt, 246 F.3d at 1156 n.1, (explaining state law controls this issue).

The Fergus County court did not determine the exact same issue in the revocation proceeding as presented here.  As discussed, the Fergus County court was not required to determine whether White was serving his suspended sentence and it did not do so.  (See dkt #36-5).  White has not put forth any evidence suggesting the State previously raised the exact issue.  Therefore, White's collateral estoppel argument fails.

## V.   Conclusion

Because White's suspended sentences in Jefferson County and Fergus County ran consecutively, he could only have been serving his Jefferson County sentence at the time of the Cascade County judgment.  As such, he was not detained beyond the term of his commitment.  "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal."  Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).  Here, an amended complaint would be an exercise in futility.

Accordingly, IT IS HEREBY ORDERED that Defendant State of Montana's Motion to Dismiss (dkt #35) is GRANTED.  The Clerk of Court shall enter judgment pursuant to this Order.

IT IS FURTHER ORDERED that all deadlines are VACATED and any

pending motions are DENIED as moot.  This case is CLOSED.

Dated this 12th day of October, 2010.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

-14-